IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JUAN ORTIZ,<br><br>        Plaintiff,<br><br>vs.<br><br>BRIAN KAZIMER, *et al.*,<br><br>        Defendants. | CASE NO. 1:11-cv-01521<br><br>Judge Patricia A. Gaughan<br><br>Magistrate Judge David A. Ruiz |
| **PLAINTIFF'S MOTION TO CONSOLIDATE** ||

      Plaintiff respectfully moves under Fed. R. Civ. P. 42(a) to consolidate this matter with his *Monell* complaint against the City of Cleveland, 1:16-cv-02529, which was filed yesterday.

**MEMORANDUM IN SUPPORT**

1. **Issue presented**

      Consolidation is appropriate to avoid duplicative litigation. This matter and Juan Ortiz's recently filed *Monell* claim against the City arise from a common core of facts and will save judicial and party resources if tried together. Should the Court consolidate these matters?

Page 1 of 6

**2. Law & argument**

Under Fed. R. Civ. P. 42(a)(2), the court may consolidate actions that involve common questions or law or fact. The rule's purpose "is to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties."[1] The ultimate goal of consolidation is to avoid duplicative litigation[2] Rule 42(a) "was designed and intended to encourage [] consolidation where possible."[3]

Here, consolidation is possible, practical, and necessary to avoid duplication of effort for the Court, the parties, and the witnesses. Plaintiff's claims against the individual officers and his *Monell* claims against the City arise out of his interaction with Officers Kazimer and Crisan on August 16, 2010. The Court can try all fact disputes in one proceeding and fashion an appropriate injunctive remedy in light of the evidence presented at trial. Consolidation will save time and avoid unnecessary costs to the parties, including duplication of effort in this fee-shifting matter.

**A. One trial will be most convenient for all parties, witnesses, counsel, and the Court.**

The Court should consolidate the matters because they involve common issues of law and fact. The time and effort consolidation will save vastly outweigh any inconvenience or delay it will cause. Consolidation will spare Juan Ortiz, who has Down syndrome, and his caretaking family from travelling from their home in New Jersey to participate in two trials over the same incident. Likewise, the individual defendants,

---

[1] Wright & Miller, FEDERAL PRACTICE & PROCEDURE, § 2381 (1971).

[2] *Twaddle v. Diem*, 200 F. App'x 435, 438 (6th Cir. 2006).

[3] *U.S. v. Knauer*, 149 F.2d 519, 520 (7th Cir. 1945).

other City officials, and all of the third-party witnesses would benefit from testifying at one trial instead of two. A single trial would also be more convenient for the Court and counsel.

### B. One proceeding will allow the Court to efficiently determine issues related to discovery sanctions and fraudulent concealment/equitable tolling based on the failure to produce documents.

The timing of Juan Ortiz's recently filed *Monell* claim is a direct result of the City's efforts to conceal its custom, policy, and practice of failing to discipline officers whose misconduct results in civil litigation. Just recently, on September 12, 2016, the City finally provided undersigned counsel with four documents that demonstrate its custom, policy, and practice of holding discipline in abeyance while civil litigation is pending: letters from then-Chief Michael McGrath to Kazimer and Crisan respectively dated August 1, 2011 and August 8, 2011.[4] The August 1 letters notify the officers of a disciplinary hearing to be held on August 8 regarding this mistreatment of Juan. The August 8 letters grant the officers' request for Chief McGrath to hold their discipline in abeyance until Juan's civil suit is resolved.

Again, the City provided these records to Plaintiff's counsel for the first time on September 12, 2016—despite repeated requests for them. Defendants Kazimer and Crisan purported to produce their entire personnel files as part of their initial disclosures on January 17, 2012. And the City— at the time represented by the same Assistant Law Director who was representing Kazimer and Crisan—relied on those defendants' initial disclosures as the City's response to Plaintiff's December 29, 2011

---

[4] Attached as Exhibits 1–4.

subpoena.[5] That subpoena requested Kazimer and Crisan's personnel files and records of any discipline considered or imposed on them for their treatment of Juan. Yet neither the Defendants nor the City disclosed these records to Plaintiff's counsel during discovery in this case.

The City also failed to provide these records in response to earlier public-records requests: in an October 25, 2011 letter to the City's public-records administrator, Plaintiff's counsel specifically asked for all records regarding disciplining the officers for hurting Juan:

> Please provide all records (documents, reports, communications, emails, etc.) regarding any discipline considered for or imposed upon Officers Kazimer and/or Crisan regarding any matter, including the August 16, 2010 incident involving Juan Ortiz.[6]

Yet the City did not provide the August 1 and August 8, 2011 letters then, either. It was only in response to a December 9, 2015 public-records request—which Plaintiff had to file for mandamus relief with the Ohio Supreme Court to obtain—that the City finally provided these records.

The City withheld evidence it should have produced in response to Plaintiff's December 29, 2011 subpoena (and which the individual defendants should have produced in discovery) and in response to public-records requests. This evidence shows that Officers Kazimer and Crisan avoided the discipline that the Civilian Police Review Board recommended for their mistreatment of Juan and his family.

---

[5] Subpoena (12/29/11) and response to subpoena from S. Fernengel (1/30/12) (attached as Exhibits 5 and 6.

[6] Email from A. Sletvold to K. Roberson (10/25/2011), attached as Exhibit 7.

Had the officers or the City timely produced this evidence, Plaintiff would have promptly amended the complaint to allege the *Monell* claims years ago. This withholding will be relevant to sanctions (including adverse instructions) Plaintiff may seek as well as it relates to the appropriateness of equitable tolling on the *Monell* claims given the City's fraudulent concealment of this evidence. It is more economical and convenient to have these issues determined in one proceeding by one judge rather than duplicating effort in different proceedings.

### 3. Conclusion

Considerations of judicial economy, witness convenience, as well as the parties' interest in litigating similar issues only once recommend that cases as closely associated as these be heard together. Plaintiff respectfully requests that this matter be consolidated with his *Monell* claims against the City arising from the same nucleus of operative facts.

Respectfully submitted,

| | |
|---|---|
| */s/ Subodh Chandra* | *[Per consent]* |
| Subodh Chandra (0069233) | Anthony D. Jordan (0066150) |
| Donald Screen (00440770) | Lakeside Place, Suite 420 |
| Ashlie Case Sletvold (0079477) | 323 Lakeside Avenue West |
| The Chandra Law Firm LLC | Cleveland, Ohio 44113 |
| 1265 W. 6th St., Suite 400 | 216.773.1536 Phone |
| Cleveland, OH 44113-1326 | 216.575.7664 Fax |
| 216.578.1700 Phone | adj2065@msn.com |
| 216.578.1800 Fax | |
| Subodh.Chandra@ChandraLaw.com | |
| Donald.Screen@ChandraLaw.com | *Attorneys for Plaintiffs* |
| Ashlie.Sletvold@ChandraLaw.com | |

## CERTIFICATE OF SERVICE

I certify that my office filed the above document using the Court's online-filing system, which will send a copy to all counsel of record.

*/s/Subodh Chandra*
*One of the Attorneys for Plaintiffs*